IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02359-MSK-KLM

ANGELICE TRUJILLO, personally and as personal representative of the Estates of ANNA MARIE MACIAS and MARIA ANNA MARIE MACIAS; and
ISIAH MACIAS and
ANGELICA MACIAS, by and through their material grandmother and Next Friend, ANGELICE TRUJILLO ,

    Plaintiff,

v.

STANLEY HILKEY, in his official capacity as Sheriff of MESA COUNTY, COLORADO,

    Defendant.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Plaintiffs' **Motion for Leave to Correct the Complaint Party Names and Caption** [Docket No. 62; Filed October 25, 2010] ("Motion No. 62"). Despite having been previously warned about the duty to confer and certifying to the same pursuant to D.C.COLO.LCivR 7.1.A. [Docket No. 16], the Motion does not comply with Local Rule 7.1A. Accordingly,

    IT IS HEREBY **ORDERED** that Motion No. 62 is **DENIED without prejudice**.

    IT IS FURTHER **ORDERED** that the Amended Complaint [Docket No. 63], which was docketed as a separate document without leave of Court, is **STRICKEN**. To the extent that Plaintiffs seek to amend their Complaint, they shall file a Motion that complies with the Federal and Local Rules and attach a proposed Amended Complaint to the Motion.

    This matter is also before the Court on Plaintiffs' **Motion to Modify Scheduling Order to Extend the Time Allowed for Plaintiffs to Respond to Defendant's Discovery Requests and Extend the Discovery Deadline** [Docket No. 69; Filed October 27, 2010] ("Motion No. 69"). According to counsel for Plaintiffs, counsel has been unable to contact their clients for approximately one month despite repeated efforts to do so, including sending a process server to the home of Plaintiffs in an apparent attempt to communicate with them. *See Motion* [#69] at 2. On September 24, 2010, Defendant served discovery requests on Plaintiffs. Given counsel's inability to communicate with Plaintiffs since at least that time, counsel has been unable to prepare responses to the requests. As such,

Plaintiffs seek an extension of time to respond to Defendant's outstanding discovery requests and an extension of the discovery deadline to accommodate any other discovery issues that may arise. Despite the fact that Defendant has been unable to depose several of Plaintiffs' family members due to the inability to locate them, Defendant opposes the relief requested.

A scheduling order can only be amended upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). I do not find that Plaintiffs have established good cause here. First, the inability to locate Plaintiffs, who are voluntary litigants in a federal lawsuit, does not provide good cause for extending the discovery deadline. If anything, it evidences neglect and waste of judicial and legal resources. Second, given that Plaintiffs have not indicated what discovery remains to be completed by them, other than responding to Defendant's discovery requests, a blanket extension of the discovery deadline is unwarranted. Nevertheless, I find that a <u>short</u> extension of Plaintiffs' deadline to respond to Defendant's outstanding discovery requests is warranted. To the extent that further deadlines are not met because of counsel's inability to communicate with their clients, **the Court will recommend that Plaintiffs' case be dismissed for failure to prosecute/failure to comply with Court Orders pursuant to Fed. R. Civ. P. 41(b).**[1]  Accordingly,

IT IS HEREBY **ORDERED** that Motion [#69] is **GRANTED in part and DENIED in part**. To the extent that Plaintiffs request an extension of the discovery deadline, the Motion is **denied**. To the extent that Plaintiffs request an extension of their deadline to respond to Defendant's outstanding discovery requests, the Motion is **granted**.

IT IS FURTHER **ORDERED** that Plaintiffs shall respond to Defendant's outstanding discovery requests, and evidence the same on the record, on or before **November 3, 2010**. No further extensions of Plaintiffs' discovery responses shall be permitted.

Dated: October 28, 2010

---

[1] The Court reminds counsel that they have an obligation to serve a copy of motions for an extension of time on Plaintiffs pursuant to D.C.COLO.LCivR 6.1E. The Motion does not contain any indication that counsel have done so.