IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02359-MSK-KLM

ANGELICE TRUJILLO, personally and as personal representative of the Estates of ANNA MARIE MACIAS and MARIA ANNA MARIE MACIAS; and
ISIAH MACIAS and
ANGELICA MACIAS, by and through their material grandmother and Next Friend, ANGELICE TRUJILLO,

    Plaintiffs,

v.

STANLEY HILKEY, in his official capacity as Sheriff of MESA COUNTY, COLORADO,

    Defendant.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion for Voluntary Dismissal and Remand** [Docket No. 52; Filed September 21, 2010] ("Motion to Dismiss").  Pursuant to the Motion, Plaintiffs seek to voluntarily dismiss with prejudice their claims brought pursuant to 42 U.S.C. § 1983 and remand their remaining state law claim to state court.  *Motion* [#52] at 2.  On October 12, 2010, Defendant filed a Response in partial opposition to the Motion [Docket No. 59].  Although Defendant does not oppose dismissal of Plaintiffs' federal claims, and reluctantly appears to concede that remand of the case to state court is appropriate, Defendant contends that dismissal and remand should come with conditions.  Plaintiffs filed a Reply on October 25, 2010 [Docket No. 64].

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1.C., the Motion has been referred to this Court for recommendation.  At a hearing held on November 5, 2010,

the Court informed the parties of its intention to issue a recommendation to dismiss the federal claims and remand the case to state court [Docket No. 80]. Having considered the pleadings, the case file, and being fully advised regarding the issues, the Court recommends that Plaintiffs' Motion to Dismiss be **GRANTED in part and DENIED in part**.

## I. Factual and Procedural Background

This matter involves the death of two individuals[1] at the hands of Lonnie R. Herrera while he was on parole from the Mesa County Jail. One of the victims had a restraining order against Mr. Herrera at the time of her death. *See Scheduling Order* [#33] at 2-5. Several family members of the deceased individuals filed a wrongful death lawsuit against the Mesa County Sheriff's Department in state court on July 9, 2009 [Docket No. 1 at 6-12]. The case asserts three claims for relief: the first claim is based on a theory of negligence and the second and third claims are based on alleged substantive and procedural due process violations pursuant to 42 U.S.C. § 1983. Given the existence of two federal claims, the Mesa County Sheriff's Department removed the case to federal court on October 2, 2009 [Docket No. 1]. At some point after removal, Plaintiffs became aware that the Mesa County Sheriff's Department was an improper party and sought leave to amend the Complaint [Docket No. 14]. After an unsuccessful attempt to amend the Complaint due to Plaintiffs' failure to comply with the Court's Local Rules [Docket No. 16], Plaintiffs were given leave to substitute Sheriff Stanley Hilkey as a Defendant in place of the Mesa County Sheriff's Department on January 11, 2010 [Docket No. 25].

---

[1] The names and identities of these individuals are not entirely clear given Plaintiffs' counsel's failure to ensure that the correct parties and nonparties were properly pled. *See, e.g., Notice of Errata* [#60]. As such, the Court does not attempt to discern the actual names and identities of the impacted individuals in resolution of the pending Motion to Dismiss.

2

Following the Scheduling Conference held on February 9, 2010, Plaintiffs were directed to supplement the Scheduling Order by providing additional information [Docket No. 32]. Plaintiffs failed to do so by the deadline, and the Court issued an order demanding the supplementation and admonishing Plaintiffs' counsel for their repeated pleading failures in this and other cases [Docket No. 36]. Thereafter, Plaintiffs again sought to amend their Complaint but provided no legal justification for their request [Docket No. 44]. The Motion was again denied for failure to comply with the Local Rules [Docket No. 48]. Plaintiffs did not renew the requested amendments, which included claims against additional defendants, in any subsequent motion to amend.

On October 14, 2010, more than a year after removal of the case from state court, Plaintiffs filed a notice of errata in an ineffectual attempt to amend their Complaint to correct the names of Plaintiffs [Docket No. 60]. Counsel were apparently alerted to their errors only after Defendants attempted to depose several named Plaintiffs and nonparties who either did not exist or were not the individuals identified in the Complaint. After being informed by the Clerk's office that amendment of a complaint could not be accomplished through errata, Plaintiffs filed a motion to amend, along with an amended complaint, which noted that although the "Notice of Errata had been successfully filed," Plaintiffs were moving to correct Plaintiffs' names in the case caption [Docket Nos. 62 & 63]. Due to Plaintiffs' failure to comply with the Local Rules, the motion was denied and the amended complaint was stricken from the record [Docket No. 71]. Plaintiffs refiled the motion to amend a few days later. At the November 5, 2010 hearing, and after informing the parties of my intention to recommend that the federal claims be dismissed and the case remanded, I also denied as moot Plaintiffs' motion to amend to correct the case caption and informed

3

the parties that any issues remaining with the state law claim were properly resolved by the state court [Docket No. 80]. I also informed the parties that no further discovery would be permitted in this Court.

This Recommendation summarizes and memorializes my decision in relation to Plaintiffs' Motion to Dismiss. As noted above, the Motion to Dismiss seeks dismissal of Plaintiffs' federal claims and the remand of Plaintiffs' remaining negligence claim to the state court. Plaintiffs request that the dismissal be with prejudice and that the parties bear their own fees and costs. *Motion* [#52] at 2. Defendant only partially opposes the relief requested by Plaintiffs. While he agrees that dismissal with prejudice is the appropriate resolution of Plaintiffs' federal claims, and that remand is likely the appropriate result, he contends that certain other conditions should be imposed. Specifically, Defendant requests that dismissal of the federal claims be conditioned on Plaintiffs being ordered to pay the reasonable fees and costs incurred by Defendant in litigating the federal claims. *Response* [#59] at 1-2. Defendant also requests that certain Plaintiffs and claims be dismissed. *Id.* at 13.

Only one of Defendant's proposed conditions is properly before the Court. Pursuant to D.C.COLO.LCivR 7.1.C., responses to Motions shall not contain separate requests for relief. Defendant's unilateral request for dismissal of certain Plaintiffs and claims is inappropriately contained in his Response, and the Court does not consider it. By contrast, because Plaintiffs' Motion to Dismiss contains a request that the parties bear their own expenses, Defendant's contention that Plaintiffs, rather than Defendant, should bear the expenses is appropriately raised in his Response.

## II. Analysis

4

As Defendant does not oppose dismissal of Plaintiffs' federal claims with prejudice, the Court does not analyze the validity of dismissal further. In addition, as Defendant does not appear to dispute Plaintiffs' contention that the case should be remanded after dismissal of the federal claims, the Court does not analyze the validity of remand further.[2] Dismissal with prejudice of the federal claims and remand of the case to state court are the appropriate results here. The sole remaining issue is whether the parties should bear their own expenses. For the reasons set forth below, I recommend that Plaintiffs should bear any expenses incurred by Defendant in defending the federal claims.

Despite the fact that Plaintiffs have voluntarily agreed to dismiss their federal claims with prejudice, the Court is permitted to impose curative conditions prior to effecting the dismissal where prejudice has been shown to the nonmoving party. *Brown v. Baecke*, 413 F.3d 1121, 1123 (10th Cir. 2005). An award of attorneys' fees and costs to the nonmoving party is one such condition pursuant to Fed. R. Civ. P. 41(a)(2). *See Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366, at 527-32 (3d ed. 2008). While the discretion to award expenses where the voluntary dismissal is with prejudice is limited to cases involving exceptional circumstances, I find that the present case satisfies the greater threshold. *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997). In addition, I note that in granting Plaintiffs' request to voluntarily dismiss their federal claims, the "court should endeavor to insure substantial justice is accorded to both parties, [by considering] the

---

[2] Although Defendant appears to prefer retention and resolution of any remaining claims on summary judgment, see *Response* [#59] at 13, I do not interpret his preference as an substantive objection to remand.

equities" facing each side. *Brown*, 413 F.3d at 1124 (citation omitted). Here, those equities justify conditioning dismissal on an award of expenses to Defendant.

In determining whether exceptional circumstances exist to impose an award of expenses as a condition to dismissal, I first consider whether Defendant has been prejudiced. To this end, I take into account the efforts expended by Defendant in defending against the federal claims; the stage of the litigation; the delay or lack of diligence on the part of Plaintiffs; and the sufficiency of the explanation provided by Plaintiffs for dismissal. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). Because I consider Plaintiffs' conduct to be key to the analysis, I begin the discussion with the latter two elements, namely delay/diligence and the explanation provided for dismissal.

From the inception of this case, I find that Plaintiffs have failed to proceed in a diligent manner. The docket is replete with delays requested by Plaintiffs and admonishments to comply with the Local Rules and Court Orders. Nowhere is Plaintiffs' lack of diligence more evident than with respect to their failure to identify and name the proper parties, both Plaintiffs and Defendant. The lack of diligence is also evident in the type of claims asserted. For example, as noted by Defendant, "the lack of a [constitutional] duty to decedent[s in these circumstances] was quite clear under *Castle Rock v. Gonzales*, 545 U.S. 748 (2005)."[3] *Response* [#59] at 12. Further, I note that Plaintiffs failed to provide a sufficient explanation in their Motion to Dismiss for their voluntary request to dismiss the federal claims at this stage. In their Reply, Plaintiffs contend that after review of

---

[3] In *Castle Rock*, the United States Supreme Court held that the State of Colorado's failure to protect a private citizen from an individual against whom she had obtained a restraining order did not implicate either substantive or procedural due process concerns. *See Castle Rock*, 545 U.S. at 758-72.

Defendant's expert report and other discovery, they determined "that the facts at issue are better sustained as a negligence claim, under state law, rather than a due process claim, under federal law." *Reply* [#64] at 11.  Given the existence of *Castle Rock* and its similarity to the circumstances at issue here, it is arguable whether diligent counsel would have required an expert report and other discovery to ascertain the viability of Plaintiffs' federal claims.

I also consider the remaining two elements, namely the effort expended by Defendant and the stage of the case.  First, Defendant removed the case from state court on the basis of the existence of federal claims.  Second, Defendant expended money and time in defending against the federal claims, including producing and attempting to obtain discovery and employing an expert.  While these efforts also may have been necessitated by the existence of the state law claim, to the extent that such expenses are segregable, they were avoidable and unnecessary.  In addition, I note that Plaintiffs delayed until the end of the discovery period to resolve (with prejudice) their deficient federal claims and to conduct the necessary investigation regarding the identity of their clients and any relevant third parties.  While ordinarily requests to dismiss certain claims at the end of discovery are reasonable, given the case's removal from state court on the basis of such claims, and Plaintiffs' clear desire to proceed in state court, Plaintiffs' decision could have and should have come much earlier in the course of the litigation.  Moreover, in relation to ascertaining the identity of the parties, such an investigation should have been undertaken prior to the case being filed.  Although the Federal Rules assume that some questions will be unanswered at the outset of a case, Fed. R. Civ. P. 8 requires, at a minimum, that the proper "pleader" be named and that the request for relief have a basis in law and fact.  *See*

*generally Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009). Considering these four factors, I find that voluntary dismissal prejudices Defendant and that such dismissal should be accompanied by a curative condition, namely the payment of expenses. However, because dismissal is with prejudice, such an award can only be provided in extraordinary circumstances.

Extraordinary circumstances has not been conclusively defined. The Tenth Circuit has noted that it includes a case where "a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." *AeroTech*, 110 F.3d at 1528. While such circumstances are not present here, I do not read this example as providing the sole basis for awarding expenses following a voluntary dismissal with prejudice. Here, I consider Plaintiffs' conduct throughout this case. For example, discovery was unnecessarily complicated by the fact that Plaintiffs and nonparties were improperly identified. In further regard to discovery, I note that Plaintiffs failed to conduct the majority of discovery until the end of the discovery period, prompting a flurry of litigation involving extending discovery deadlines. They also failed to ensure that subpoenas issued to third parties were properly served pursuant to Fed. R. Civ. P. 45, necessitating unnecessary litigation and delays [Docket No. 67]. Moreover, because of the lack of communication for a significant period of time between Plaintiffs and their counsel,[4] the Court provided Plaintiffs with a short extension of time to respond to discovery propounded by Defendant [Docket No. 71].

---

[4] On October 27, 2010, Plaintiffs' counsel informed the Court that they had been unable to contact their clients since at least September 29, 2010 [Docket No. 69]. According to counsel, all telephone numbers of record had been disconnected.

Plaintiffs were ordered to evidence their compliance on the record by November 3, 2010. In clear violation of my Order, Plaintiffs failed to do so. On this record, it appears that Plaintiffs have never provided responses to Defendant's discovery requests.

Further, I note that Plaintiffs now concede "that federal claims don't exist and that there are other factual limitations to Plaintiffs' [federal] claims . . . ." *Reply* [#64] at 9. This concession evidences a well-delayed recognition by Plaintiffs that their federal claims have no merit. To the extent that Plaintiffs contend that substantial investigation was necessary to understand the case law and the simple facts of this case,[5] the Court makes two observations. First, such investigation should have been conducted earlier. Second, the statement lacks a credible factual basis. For example, although Plaintiffs purport to have received what they describe as a case dispositive document in discovery, they failed to attach it to their pleadings. *See Reply* [#64] at 11 (noting that seminal discovery document is attached, but failing to attach document). Simply, Plaintiffs' suggestion that discovery led to their voluntary dismissal, rather than case precedent or overdue investigation, is unpersuasive here given the relatively uncomplicated set of facts at issue in the case. Plaintiffs should be made to account for their lack of diligence, knowledge of the law and Local Rules, and other persistent failures throughout this case which not only increased the workload of the Court but, more importantly, unnecessarily increased the workload of Defendant in having to defend against ineffectual motions and claims. Considering the above, I find that extraordinary circumstances are present here.

My Recommendation to award expenses is supported by the recognition that where

---

[5] Plaintiffs concede that this is a "relatively not complex factual case." *See Reply* [#64] at 10.

a plaintiff allows federal claims to proceed for a considerable amount of time before forever abandoning such claims, and the plaintiff's decision is not credibly based on a change in law or decisive facts, defendant is akin to a prevailing party. *See Dean v. Riser*, 240 F.3d 505, 510-12 (5th Cir. 2001). "To deny fees under these circumstances would defeat the purpose of ever recognizing defendants as 'prevailing parties,' which is to 'protect defendants from burdensome litigation having no legal or factual basis.'" *Fox v. Vice*, 594 F.3d 423, 427 (5th Cir. 2010), *cert. granted*, 79 U.S.L.W. 3063 (U.S. Nov. 1, 2010) (No. 10-114). Although the question of whether Defendant is a prevailing party pursuant to 42 U.S.C. § 1988 or Fed. R. Civ. P. 54 is not before me, I note that on these facts, Defendant is entitled to be remedied in the same way that a prevailing party would be remedied.

To the extent that Plaintiffs' failures are attributable to counsel's conduct rather than their own, that is the price Plaintiffs must pay for their voluntary selection of these counsel. *See, e.g.*, *Link v. Wabash R.R.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that [a sanction on the client] because of his counsel's unexcused conduct imposes an unjust penalty on the client. [The client] voluntarily chose this attorney as his representative . . ., and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"); *Nelson v. Boeing Co.*, 446 F.3d 1118, 1121 (10th Cir. 2006) (noting that "sins of a plaintiff's lawyer" should not be borne by defendant (citation omitted)). Given the unique factual and procedural history of this case, I find that extraordinary circumstances justify an award of expenses pursuant to Fed. R. Civ. P. 41(a)(2) as a condition of dismissal of Plaintiffs' federal claims.

### III. Conclusion

For the reasons stated above, the Court RECOMMENDS that Plaintiffs' Motion to

Dismiss be **GRANTED in part and DENIED in part** as follows:

(1) Plaintiffs' federal claims should be dismissed with prejudice;

(2) Plaintiffs' remaining state law claim should be remanded to state court after curative conditions are imposed; and

(3) Defendant should be awarded his reasonable attorneys' fees and costs incurred in defense of the federal claims. To this end,

IT IS HEREBY **ORDERED** that within **ten (10) days** of the date of this Recommendation, Defendant shall submit affidavits and information in compliance with D.C.COLO.LCivR 54.3 regarding the reasonable fees and costs incurred in defense of the federal claims only. No motion for fees is necessary. Plaintiffs shall file a response, if any, within **ten (10) days** of Defendant's submission. **No reply shall be permitted**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  November 15, 2010

                                      BY THE COURT:
                                       s/ Kristen L. Mix
                                      U.S. Magistrate Judge
                                      Kristen L. Mix