IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02359-MSK-KLM

ANGELICE TRUJILLO, personally and as personal representative of the Estates of ANNA MARIE MACIAS and MARIA ANNA MARIE MACIAS; and
ISIAH MACIAS and
ANGELICA MACIAS, by and through their material grandmother and Next Friend, ANGELICE TRUJILLO ,

    Plaintiff,

v.

STANLEY HILKEY, in his official capacity as Sheriff of MESA COUNTY, COLORADO,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

This matter is before the Court on Defendant's **Affidavit of Attorneys Fees and Costs** [Docket No. 84; Filed November 24, 2010] (the "Affidavit").  On November 15, 2010, I recommended that Defendant be awarded his reasonable expenses incurred in litigating the federal claims at issue in Plaintiffs' case prior to their voluntary dismissal. *Recommendation* [#82] at 9-11.  The Recommendation remains pending.  Pursuant to the Recommendation, I ordered Defendant to submit affidavits and information detailing the reasonable fees and costs incurred in defense of the federal claims only.  *Id.* at 11. Defendant has now done so and avers that of the $29,830.50 of total expenses incurred in litigating the case to date, he incurred $9,533.60 toward litigating the federal claims. *Affidavit* [#84] at 6.

Pursuant to the Recommendation, the Court also set a deadline for Plaintiffs to

respond to Defendant's Affidavit. *Recommendation* [#82] at 11. Although I note that Plaintiffs filed an objection to the Recommendation [Docket No. 86], Plaintiffs have not responded to Defendant's Affidavit. Their deadline for doing so has now expired and they have raised no objection to the reasonableness of Defendant's claimed expenses. Having considered the relevant pleadings and being fully advised, the Court recommends that in conjunction with dismissal of Plaintiffs' federal claims, Defendant be awarded his reasonable expenses as detailed below.

Pursuant to D.C.COLO.LCivR 54.3B, a party seeking an award of fees must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience." Defendant has submitted the Affidavit of counsel and detailed billing statements [Docket Nos. 84-1 through 84-3]. Defendant has also submitted a detailed invoice of costs [Docket 84-4]. As per these documents, Defendant has incurred attorneys' fees (including paralegal fees) in the amount of $8,736.75 and other costs in the amount of $796.85, for a total of $9533.60. I find that Defendant has provided sufficient documentation to allow an award to be determined. The Court addresses the issue of the amount of the award below.

A party seeking an award of attorneys' fees and costs must demonstrate that the fees and costs he seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007) (unpublished decision). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). Generally, the starting point for any calculation of a reasonable attorneys' fee is

the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Malloy v. Monahan,* 73 F.3d 1012, 1017-18 (10th Cir.1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

As noted above, Plaintiffs failed to advance any argument in relation to the reasonableness of Defendant's claimed expenses. My review of the Affidavit and attached documents reveals a measured and thorough approach by defense counsel to eliminate fees and costs which cannot be reasonably attributed to litigation of the federal claims only. Further, I note that the hourly rates billed by the attorney ($165/hour) and paralegal ($75/hour) are reasonable and, in my experience, relatively low. Finally, I note that despite the existence of two federal claims and only one state law claim, the amount of time and costs allotted to defense of the federal claims is less than one-third of the total billing amount. To this end, I note that Defendant conscientiously excluded amounts that would have been incurred regardless of the existence of the federal claims. *See, e.g.*, *Affidavit* [#84] at 4.

Given Plaintiffs' lack of objection, and my independent review, I conclude that the amount of expenses claimed by Defendant is reasonable, with one exception. Defendant seeks reimbursement for all fees incurred in preparation for the February 9, 2010 Scheduling Conference [Docket No. 84-1 at 13]. Although an argument could be made that preparation for the Scheduling Conference was prompted by the federal claims only (i.e., if no federal claims existed, the case would not have been removed to federal court and no federal scheduling conference would have been required), I note that had the case

remained in state court, the parties would have been required to conduct discussions and, to a certain extent, prepare somewhat comparable materials.  *See* Colo. R. Civ. P. 16. Given that the preparation for the Scheduling Conference arguably included work and preparation that the parties would have conducted had the case remained in state court, I find that a reduction of the fees associated with preparation for the Scheduling Conference is reasonable.[1]  Defendant indicates that 9.85 attorney hours and .1 paralegal hours (or $1632.75)[2] was spent in preparation for the Scheduling Conference.  I find that 5 hours of attorney time and .1 hours of paralegal time (or $832.50) is a reasonable amount of time to spend on preparation for the Scheduling Conference involving the federal claims. Therefore, I find that the total amount requested by Defendant should be reduced by $800.25 (the difference between $1632.75 and $832.50).  I further find that, in the absence of any specific objections, none of the other claimed expenses are clearly subject to reduction or elimination.  Accordingly,

IT IS HEREBY **RECOMMENDED** that Defendant be reimbursed for his fees and costs in the amount of **$8733.35**.

IT IS FURTHER **RECOMMENDED** that Plaintiffs be ordered to remit payment of **$8733.35** to Defendant within fourteen (14) days of resolution of the Recommendation.

---

[1] Because the Scheduling Conference is a federal court setting with no mandatory state-court equivalent and Defendant was required to travel from Grand Junction, Colorado to attend, I exercise my discretion to permit recovery of the entirety of the fees and costs associated with Defendant's attendance at the Scheduling Conference.

[2] Specifically, Defendant designates $297.00 on January 7, 2010, $66.00 on January 8, 2010, $206.25 on January 29, 2010, $948.75 on February 2, 2010, $32.25 on February 3, 2010 and $82.50 on February 9, 2010 toward preparing for the Scheduling Conference [Docket Nos. 84-1 at 9-13 & 84-3 at 1].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 13, 2010

>                         BY THE COURT:
>
>                          s/ Kristen L. Mix
>                         Kristen L. Mix
>                         United States Magistrate Judge